**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION**

| | | |
|---|---|---|
| Anthony James Moore, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER RE REQUEST FOR HEARING AND** |
| | ) | **REPORT AND RECOMMENDATION** |
| vs. | ) | |
| | ) | |
| United States of America, | ) | Case No. 1:07-cv-030 |
| | ) | |
| Defendant. | ) | |

The United States Court of Federal Claims transferred the above-entitled action to this court pursuant to its order of December 29, 2006. The plaintiff, Anthony James Moore ("Moore"), subsequently filed an amended complaint. This case is now before the court for an initial review as mandated by 28 U.S.C. §1915A.

### I. BACKGROUND

Moore was convicted of gross sexual imposition on November 28, 2001, and sentenced to twenty years imprisonment. He is currently incarcerated in the North Dakota State Penitentiary.

In accordance with state statute, State officials forwarded samples of Moore's DNA to the Federal Bureau of Investigations ("FBI") for inclusion in the National DNA Identification System ("NDIS"). Upon learning of their actions, Moore apparently attempted to secure copies of his DNA records from the NDIS but was unsuccessful.

On July 27, 2006, Moore filed a complaint with the United States Court of Federal Court of Claims, the gist of which was that the Defendants (NDIS, the FBI, and the Justice Department) refused to provide him with copies of the DNA records obtained from the State for inclusion in the NDIS. He sought a court order compelling the Defendants to produce these records. However, on

August 9, 2006, he filed an amended complaint where, in addition to substituting the United States as the party-defendant, he requested $11,000 in damages.

The United States moved to dismiss Moore's amended complaint, the basis being that the Federal Court of Claims lacked subject matter jurisdiction over his claims. The Federal Court of Claims agreed that it lacked jurisdiction insofar as Moore had asserted claims pursuant to the Federal Tort Claims Act and Privacy Act. It nevertheless concluded that the interests of justice warranted a transfer of Moore's action to the proper forum. Consequently, on December 29, 2006, it entered an order transferring the action to this court.

On April 11, 2007, Moore filed a document captioned "Motion for Order to Amend Amended Complaint." On April 26, 2007, the undersigned entered an order addressing the motion and outlining how Moore was to proceed:

> In form and substance, [Moore's "Motion for Order to Amend Amended Complaint"] mirrored the complaint he originally filed with Federal Court of Claims in that it again named the NDIS, the FBI, and the Justice Department as defendants, contained a request for injunctive relief as opposed to money damages, and set forth seven theories of recovery. Nevertheless, it was styled as a motion. Consequently, it is unclear whether [Moore] intended this filing to constitute the operative pleading–the second amended complaint–or whether he was merely seeking leave to file a second amended complaint. Moreover, it is unclear what claims Moore is making or possibly abandoning. It should be noted that the Court of Federal Claims alluded to [Moore's] Privacy Act claim when entering its transfer order, but is not clear whether Moore is asserting a Privacy Act claim.
>
> For the sake of clarification, the court **GRANTS**, albeit reluctantly, [Moore's] "Motion for Order to Amend Amended Complaint." [Moore] has until May 14, 2007, to file an amended complaint setting forth the factual and statutory basis for all of his claims against the federal defendants. If he seeks recourse under the Privacy Act or the Federal Tort Claims Act, then he should so indicate in his second amended complaint. Otherwise such claims shall be deemed abandoned. In addition, he should clearly articulate whether he seeks injunctive relief, monetary damages, or some combination thereof from the federal defendants.

> The clerk's office is directed to file the defendant's second amended complaint upon receipt. However, it shall hold service in abeyance pending the court's review of the second amended complaint pursuant to 28 U.S.C. § 1915A.

Order, Docket No. 7.

On May 1, 2007, Moore filed a Motion for Summary Judgment along with a request for a hearing. He also filed a "Document of Clarification" wherein, as the following excerpt illustrates, he stated in no uncertain terms that he was not seeking recourse under either the Federal Tort Claims Act or Privacy Act and that he intended his previous filing to constitute the operative pleading:

> The plaintiffs motion for order to amend amended complaint dated for April 11, 2007 is the operative pleading in this particular case, the factual and statutory basis for all claims and relief are only contained in that motion the plaintiff does not seek recourse under the Privacy Act or Federal tort claim act but he only seeks recourse under the United States Federal Constitution. The plaintiff only seeks an court order that the defendants provide me with a copy of his D.N.A. records that are in there national D.N.A. index system. There is no need for the plaintiff to submitte and file another motion to amend amended amended complaint Since the operative one for April 11, 2007 is suffice. The court is doing more conniving and injustices then administering justice with the feeble attempts at trying to trick and deceive the plaintiff into self defeating and self-destructive sabotage behaviors. This plot, agenda, plan is foiled and futile. The plaintiff request that the court an screening analysis of the plaintiffs motion for order to amend amended complaint dated and I believe filed on April 11, 2007.

Document of Clarification, Docket No. 9.

Ceding to Moore's wishes, the undersigned construes the document captioned "Motion for Order to Amend Amended Complaint" as Moore's second amended complaint. As Moore has explicitly abandoned any cause of action he may have under either the Privacy Act or Federal Tort Claims Act, all that is left for the undersigned to determine is whether Moore has articulated a cognizable claim under 42 U.S.C. § 1983.

## II. DISCUSSION

### A. Standards Governing Initial Review

When a prisoner seeks to sue a governmental entity, officer, or employee, the court is required under 28 U.S.C. § 1915A to conduct a preliminary screening of plaintiff's complaint to identify any cognizable claims and to dismiss the complaint, or any part of it, that is frivolous, malicious, fails to state a claim, or seeks monetary relief from an immune defendant. In addition, the court also has the power under § 1915(e)(2) to dismiss an *in forma pauperis* proceeding at any time the court determines the proceeding is frivolous or malicious, fails to state a claim upon which relief should be granted, or seeks monetary relief against an immune defendant.

In conducting it's a review, the court must keep in mind the admonition of the Eighth Circuit that *pro se* prisoner complaints are to be liberally construed and that the court is obligated to determine whether the complaint provides relief "on any possible theory." Haley v. Dormire, 845 F.2d 1488, 1490 (8th Cir. 1988); see also Haines v. Kerner, 404 U.S. 519, 520 (1972) (*pro se* complaints are subject "to less stringent standards than formal pleadings drafted by lawyers"); Atkinson v. Bohn, 91 F.3d 1127, 1128-29 (8th Cir. 1996). The court may not dismiss the complaint unless it "appears beyond doubt that plaintiff can prove no set of facts that would demonstrate an entitlement to relief." Gordon v. Hansen, 168 F.3d 1109, 1113 (8th Cir. 1999).

In construing the complaint, the court must weigh all factual allegations in favor of the plaintiff, but not need not consider facts that are clearly baseless, fanciful, fantastic, or delusional. Denton v. Hernandez, 504 U.S. 25, 31-33 (1992). "A complaint is frivolous if it lacks an arguable basis in law or fact."  Martinez v. Turner, 977 F.2d 421, 423 (8th Cir. 1992) (citing Nietske v.

Williams, 490 U.S. 319, 325 (1989)). "It lacks an arguable basis in law if the claim is based on an indisputable meritless legal theory." Id.

In this case, Moore alleges a claim under 42 U.S.C. § 1983. To state a claim pursuant to 42 U.S.C.§ 1983, he must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

**B.     Analysis**

By the court's count, this is the third action Moore has initiated wherein he seeks production of DNA evidence. Previously, in Moore v. Fargo Police Department, Case No. 1:06-cr-095, Moore claimed that he had been deprived of his right to due process and the opportunity to demonstrate his actual innocence because the Fargo Police Department refused to provide him with the results of DNA tests allegedly performed on the biological evidence in its possession. He sought an order from the court directing the Fargo Police Department to produce these test results. Moore made a similar claim in Moore v. Bertsch, Case No. 1:05-cv-098, albeit against a different defendant – the director of the state criminal laboratory. He is now seeking ostensibly the same relief from the United States.

In Moore's previous cases, the court observed that the law was unsettled as to whether the failure to produce lab results of DNA evidence postconviction implicated any constitutional right cognizable in a § 1983 action. Compare McKithen v. Brown, 481 F.3d 89 (2nd Cir. 2007); Grayson v. King, 460 F.3d 1328 (11th Cir. 2006) (holding that a § 1983 claim can be brought for access to biological evidence for DNA testing, but upheld the denial of access on the merits for failing to satisfy any of the possible requisite criteria); Osborne v. District Attorney's Office for the Third

Judicial Circuit, 423 F.3d 1050 (9th Cir. 2005); Godschalk v. Montgomery County District Attorney's Office, 177 F. Supp. 2d 366 (E.D.Pa. 2001) (ordering access to the genetic material for postconviction DNA testing in a § 1983 action); with Kutzner v. Montgomery County, 303 F.3d 339 (5th Cir. 2002) (claim cognizable, if at all, only in a habeas proceeding); Harvey v. Horan, 278 F.3d 370, 375-379 (4th Cir. 2002), rehearing en banc denied 285 F.3d 298 (4th Cir. 2002) (same); Wade v. Brady, 2006 WL 3051770 (D. Mass. Oct 27, 2006) (denying a motion to dismiss a claim for DNA testing for failure to state a claim under § 1983 and discussing recent cases). Recognizing that this area of law was continuing to evolve, it allowed these claims to proceed beyond the screening stage.

  The claim now before the court is distinguishable from Moore's earlier claims, however, to the extent that it is not directed against the prosecuting authority or entities assisting the prosecuting authority. Rather, it is directed against a mere a custodian of information collected pursuant to an act of Congress. This is significant in that the issue raised by Moore has arisen exclusively in the above cases under the guise of a due process violation and in the context of a demand that the original prosecuting authority either perform post-conviction testing or it produce biological evidence for post-conviction testing by a third party. See id.

  It is appears clear, however, the United States has no such constitutional obligation in this instance; it played no part in Moore's prosecution, has no relationship with Moore, and owes no conceivable constitutional duty to Moore by virtue of the fact that it acts as a repository for DNA records. In other words, Moore's inability to access the NDIS is not, as he intimates, a deprivation of his right to due process or other constitutional rights, especially in light of the fact that he presumably has other sources from whom he could request this information.

**II.      CONCLUSION**

Moore's request for a hearing (Docket No. 13) is **DENIED**. The undersigned further **RECOMMENDS** that the above-entitled action be **DISMISSED** without prejudice for failure to state a cognizable constitutional claim under 42 U.S.C. § 1983.

**NOTICE OF RIGHT TO FILE OBJECTIONS**

Pursuant to Local Rule 72.1(3)(4), any party may object to this recommendation within ten (10) days after being served with a copy of this Report and Recommendation.  Failure to file appropriate objections may result in the recommended action being taken.

Dated this 9th day of May, 2007.

> */s/ Charles S. Miller, Jr.*
> Charles S. Miller, Jr.
> United States Magistrate Judge